<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GADZHI BADRUDINOV,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br>*Director, Delaney Hall Detention Facility*<br><br>Respondents. | Civil Action No. 26-2323 (GC)<br><br>**<u>MEMORANDUM & ORDER</u>** |

<u>**CASTNER, District Judge**</u>

  **THIS MATTER** comes before the Court on Petitioner Gadzhi Badrudinov's motion for temporary restraining order ("TRO") (Motion for TRO). (ECF No. 3.) Petitioner requests a TRO or preliminary injunction directing Respondents to immediately release him from immigration detention. (*Id.* at 1.)

  Petitioner filed a petition (Petition) for a writ of habeas corpus under 28 U.S.C. § 2241 on March 5, 2026. (ECF No. 1.) On March 6, 2026, the Court entered a Memorandum and Order ordering Respondents to file an expedited answer to the Petition within twenty-one (21) days of the date of entry of the Memorandum and Order (*i.e.*, by March 27, 2026). (ECF No. 2 at 3.) The Court also ordered that Petitioner shall not be transferred from the District of New Jersey, or removed from the United States, pending further order of this Court. (*Id.* at 2.)

  Federal Rule of Civil Procedure 65 governs TROs and preliminary injunctions. "If there is a possibility that irreparable injury will occur before the hearing on a preliminary injunction required by Rule 65(a) can be held, a temporary restraining order may be available under Rule

65(b)." *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016). Such "[i]njunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *See Westchester Fire Ins. Co. v. Glob. Real Constr., LLC*, No. 09-0207, 2009 WL 137414, at *1 (D.N.J. Jan. 20, 2009) (quoting *Kos Pharm. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). "The standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate." *Int'l Foodsource, LLC*, 2016 WL 4150748, at *6. A court may grant temporary restraints only if a party shows: "(1) that it will likely succeed on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11-6368, 2011 WL 13063669, at *2 (D.N.J. Nov. 1, 2011). "As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff. Nonetheless, district courts should award preliminary injunctive relief only upon weighing all four factors." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.8 (3d Cir. 1994).

According to Petitioner, he has established a reasonable probability of success in demonstrating that his re-detention violated his procedural due process rights. (ECF No. 3-1 at 3-6.) Based on his Petition, it appears that Petitioner was properly held in mandatory detention under 8 U.S.C. § 1225(b) and then paroled pursuant to 8 U.S.C. § 1252(d)(5)(A). (*See* ECF No. 1 ¶¶ 20, 23-24.) After passing a credible fear interview, Petitioner was immediately re-detained without the officers providing any reason for his re-detention.. (*Id.* ¶ 21.) Petitioner notes that, "in recent months, numerous courts reviewed cases similar to [Petitioner's] and have held that such re-

2

detention violates a detainee's procedural due process rights." (ECF No. 3-1 at 3-4 (citations omitted). Petitioner contends that the three-factor balancing test established in *Matthews v. Eldridge*, 424 U.S. 319 (1976) demonstrate that his re-detention violated due process (*i.e.*, the liberty interest weighs heavily in his favor because over three years had passed before ICE decided to re-detain him; the risk of erroneous deprivation is high because no individualized determination of flight risk and danger to the community has been conducted; and the Government has no interest in continuing to detain an individual who has no criminal history and showed a willingness to comply with immigration laws). (*Id.* at 5-6.)

However, Petitioner does not cite to any cases from this District concluding that re-detention of an individual who was detained and received humanitarian parole under §§ 1225(b) and 1252(d)(5)(A) violates the Due Process Clause of the Fifth Amendment. In fact, Petitioner does not mention case law from this District stating that, "[t]o the extent Petitioner contends that the Government's decision to terminate his parole and take him into custody of any kind was improper, this Court lacks the authority to review the discretionary decision to terminate parole." *Salas v. Soto*, No. 25-17339, 2026 WL 485712, at *2 n.2 (D.N.J. Feb. 21, 2026) (citations omitted); *see also Arcos Tasigchana v. Soto*, No. 25-18252, 2026 WL 266170, at *2 (D.N.J. Feb. 2, 2026) ("Petitioner is not entitled to release or a bond hearing and to the extent he challenged the Government's decision to end his parole and return him to custody, this Court is barred from exercising jurisdiction over that discretionary determination." (citations omitted)). Furthermore, documentation submitted by Petitioner indicates that his parole expired on March 31, 2023, over two years prior to his re-detention (ECF No. 3 at 2). *See* 8 C.F.R. § 212.5(e)(1) ("Parole shall be automatically terminated without written notice (i) upon the departure from the United States of the alien, or, (ii) if not departed, at the expiration of the time for which parole was authorized, and

in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that no written notice shall be required.").

Accordingly, Petitioner has failed to meet his burden of showing a likelihood of success on his re-detention claim. Petitioner also argues that he has a reasonable probability of success in showing that his prolonged detention without a bond hearing violates due process. (ECF No. 3-1 at 6-8.) However, the requested relief of immediate release is greater than the relief he could obtain if he succeeds in establishing that his detention has become unreasonably prolonged (*i.e.*, a bond hearing before an immigration judge ("IJ") at which the Government bears the burden of establishing by clear and convincing evidence that the noncitizen is a flight risk or danger to the community). *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 206, 214 (3d Cir. 2020) (concluding that the petitioner had a due process right to a bond hearing at which the Government must justify his continued detention by clear and convincing evidence and remanding for the district court to order a bond hearing); *Ibrahim v. Rokosky*, No. 25-17189, 2026 WL 296506, at *4 (D.N.J. Feb. 4, 2026) (ordering the respondents to provide the petitioner with an individualized bond hearing at which the Government shall bear the burden of establishing, by clear and convincing evidence, that the petitioner's continued detention is necessary because he poses a flight risk, or danger to the community, and that no less restrictive alternatives would suffice); *see also Cahuec v. Soto*, No. 25-17389, 2025 WL 3524463, at *2 (D.N.J. Dec. 9, 2025) (denying motion for TRO because *inter alia* "[t]he requested relief of immediate release also appears greater than the relief Petitioner could obtain in his underlying [proceeding (specifically a bond hearing)]").

**IT IS**, therefore, on this 16th day of March, 2026, **ORDERED** as follows:

**ORDERED** that the Motion for TRO (ECF No. 3) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at ECF No. 3.

_____
**GEORGETTE CASTNER**
**United States District Judge**